JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-09725-RGK (Ex) | Date | January 20, 2012 |
|---|---|---|---|
| Title | PROMISE HOSPITAL OF EAST LOS ANGELES v. CIGNA CORP. et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Remanding Case to State Court

On October 21, 2011, Promise Hospital of East Los Angeles ("Plaintiff") filed a First Amended Complaint ("FAC") in Superior Court for the County of Los Angeles against Cigna Corporation; Cigna Healthcare of California, Inc.; Cigna Health and Life Insurance Co.; Connecticut General Life Insurance Co.; Cigna Health Corp.; Great-West Healthcare of California (collectively "Insurance Company Defendants"); and the City of Long Beach (collectively "Defendants"). On November 22, 2011, the City of Long Beach removed the action to this Court, with the consent of the Insurance Company Defendants, on the basis of federal question jurisdiction as provided in 28 U.S.C. § 1331. On December 6, 2011, Plaintiff filed a Motion to Compel Arbitration. On January 6, 2011, the Court issued an Order to Show Cause to Defendants as to why the case should not be remanded for lack of federal subject matter jurisdiction. The City of Long Beach filed a timely response.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Plaintiff's FAC alleges sixteen state law claims stemming from Defendants' failure to compensate Plaintiff for services provided to Patient.[1] As pertinent to the issue of jurisdiction, Plaintiff specifically alleges that Defendants breached a contract between Plaintiff and the Insurance Company Defendants, the Great-West Agreement, governing compensation for services provided by Plaintiff to

---

[1] The identity of the Patient has not been disclosed to the Court. The Patient was the spouse of a City of Long Beach employee who was insured under the insurance plan provided by the City of Long Beach to its employees.

insureds and that Defendants breached the health insurance plan between the Patient and the City of Long Beach in failing to compensate Plaintiff for services provided. Plaintiff alleges that it was wrongful of Defendants to refuse to pay for the services on the grounds that the Patient was no longer covered when the Patient was eligible for an extension of benefits authorized under the Consolidated Omnibus Reconciliation Act ("COBRA") as codified in the Public Health Services Act ("PHSA"), 42 U.S.C. § 300bb.

The Supreme Court has held that federal question jurisdiction may still exist when state law provides the basis for a plaintiff's claims. *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). However, in such circumstances, state law claims may confer federal question jurisdiction only when the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

Defendants' Notice of Removal and response to the Order to Show Cause fail to explain how this case fits within the scheme identified in *Grable*. Plaintiff's FAC alleges that Defendants breached two different contracts by failing to pay for services provided by Plaintiff to Patient. Although Plaintiff also alleges that Patient was eligible for extension of benefits under the PHSA, those allegations raise a separate issue that is not necessary to the resolution of Plaintiff's claim for breach of contract. Plaintiff's citation to the PHSA is, at best, an anticipatory response to defenses that may be raised by Defendants. *See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) (finding that an anticipatory response is not enough to confer federal jurisdiction under *Grable*). There is no issue of federal law that will necessarily be reached in resolving Plaintiff's claims, therefore the Court does not have federal question jurisdiction under 28 U.S.C. § 1331. *See Grable*, 545 U.S. at 314.

Even if the Court were to find that a federal issue will necessarily be reached in the resolution of Plaintiff's state law claims, the Court is not convinced that any such issue would meet the second element of the *Grable* test–that the issue is one that should be entertained by a federal forum. *See Grable*, 545 U.S. at 314. The Ninth Circuit has held that the PHSA does not raise the same issues as does ERISA and therefore does not preempt state law. *Radici v. Associated Ins. Cos.*, 217 F.3d 737, 745 (9th Cir. 2000).

For the reasons stated above, the cases is hereby **REMANDED** to Superior Court. Plaintiff's Motion to Compel Arbitration calendared for January 9, 2012 is hereby denied as moot.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |